*250
 
 PER CURIAM.
 
 *
 

 11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Samuel H. Thomas, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to a joint motion of the parties filed in December 2007.
 
 In re: Thomas,
 
 07-2326 (La.12/12/07), 970 So.2d 960. For the reasons discussed in this opinion, we now permanently disbar respondent.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. After being admitted to the practice of law in Louisiana in 1976, respondent’s first disciplinary infraction occurred in 1988, when he was privately reprimanded by the Committee on Professional Responsibility for improperly handling a fee and for failing to render an accounting to a client. In 1994, respondent was admonished by the disciplinary board for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. In 1995, respondent was admonished by the board for neglecting a legal matter, failing to communicate with a client, and engaging in conduct prejudicial to the administration of justice. In 1996, respondent was admonished by the board for failing to communicate with a client. |aIn 1997, this court suspended respondent from the practice of law for fifteen months, with all but nine months deferred, based on his federal conviction of two counts of failing to file tax returns.
 
 In re: Thomas,
 
 97-0881 (La.10/10/97), 700 So.2d 490
 
 (“Thomas I”).
 
 In 1998, respondent was reinstated to the practice of law from his suspension in
 
 Thomas I.
 

 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 UNDERLYING FACTS
 

 In 2007, a federal grand jury sitting in the Western District of Louisiana returned a felony indictment charging respondent with one count of tax evasion, two counts of making and subscribing a false tax return, and one count of conspiracy to defraud the United States. The indictment stemmed from allegations by the government that respondent failed to report his full taxable income to the IRS for a period of time spanning from April 1999 to August 2000.
 
 [1]
 
 Following a seven-day jury
 
 *251
 
 trial in November 2007, respondent was convicted of two counts of making and subscribing a false tax return, a felony, in violation of 26 U.S.C. § 7206(1)
 
 [2]
 
 and one lacount of tax evasion, a felony, in violation of 26 U.S.C. § 7201.
 
 [3]
 
 In June 2008, respondent was sentenced to serve thirty-six months in prison and ordered to pay $269,780.62 in restitution to the IRS. On July 20, 2009, the United States Fifth Circuit Court of Appeals affirmed respondent’s conviction in an unpublished per curiam opinion. The conviction became final on November 80, 2009, upon the denial of respondent’s petition for writ of certiorari by the United States Supreme Court.
 
 Thomas v. United States,
 
 — U.S. -, 130 S.Ct. 759, — L.Ed.2d - (2009).
 

 DISCIPLINARY PROCEEDINGS
 

 In 2008, the ODC filed one count of formal charges against respondent. The charges alleged respondent was convicted of a criminal offense which constituted serious criminal conduct in violation of Rules 8.4(b) and (c) of the Rules of Professional Conduct.
 
 [4]
 

 Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and |4eonvincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
 

 The committee further determined respondent has a “significant prior disciplinary record including four private sanctions and a prior suspension for an earlier tax
 
 *252
 
 conviction.” After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension.
 

 The committee found the following aggravating factors present: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1976). In mitigation, the committee found the imposition of other penalties or sanctions.
 

 After considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the committee recommended respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s report.
 
 [5]
 

 IsDisciplinary Board Recommendation
 

 After review, the disciplinary board found that the hearing committee’s factual findings are supported by the factual allegations asserted in the formal charges, which are deemed admitted, and/or by the documentary evidence submitted in support of the allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges. The board determined the baseline sanction for respondent’s misconduct is disbarment.
 

 Like the committee, the board recognized the following aggravating factors: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. The board determined the only mitigating factor present is the imposition of other penalties or sanctions.
 

 Relying on this court’s jurisprudence, the board determined the baseline sanction for similar misconduct was a suspension of three years. However, in cases where the attorney has a prior disciplinary record, such as in the instant ease, the board found the court imposed disbarment. Based on respondent’s lengthy disciplinary record, including a prior suspension for engaging in similar criminal conduct, the board concluded an enhanced sanction of disbarment is clearly appropriate.
 

 The board then turned to a discussion of whether permanent disbarment was appropriate. The board cited Guideline 9 of Appendix E to Supreme Court Rule XIX, which provides that permanent disbarment may be appropriate in
 

 instances of serious attorney misconduct or conviction for a serious crime, when the misconduct or conviction is | preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
 

 The board first determined that respondent’s prior fifteen-month suspension in
 
 Thomas I
 
 constituted “serious attorney misconduct” for purposes of Guideline 9
 
 *253
 
 because it resulted in a suspension of more than one year. In a footnote, the board recognized the court deferred all but nine months of the fifteen-month suspension, but concluded the deferral was of no moment for purposes of Guideline 9:
 

 It is recognized that the Court deferred all but nine months of the suspension, therefore, Respondent needed to delay only nine months before seeking reinstatement to the practice of law. The plain language of Guideline 9 does not distinguish between suspensions of more than one year, with all or a portion deferred, or suspensions of more than one year, with no portion deferred.
 

 The board further found respondent’s prior discipline in
 
 Thomas I
 
 fell within the scope of Guideline 9 because it was based on the conviction of a serious crime. Although the board acknowledged the convictions in
 
 Thomas I
 
 were misdemeanors, the board nonetheless found they reflected on respondent’s moral fitness and therefore constituted serious crimes:
 

 La. Sup.Ct. Rule XIX, § 19(B) defines serious crime as “a felony or any other crime, the necessary element of which as determined by the statute defining such crime, reflects upon the attorney’s moral fitness to practice law.” ■ The crimes constituting Respondent’s current disciplinary matter are classified as felonies and fall squarely within Rule XIX’s definition of a serious crime. Respondent’s prior conviction on two counts of willful failure to timely file income tax returns constitutes misdemeanor criminal conduct; but, nonetheless, reflects adversely on his moral fitness to practice law and fits within Rule XIX’s definition of a serious crime, [emphasis added].
 

 |7Based on this analysis, the- board recommended respondent be permanently disbarred:
 

 In either scenario, Respondent incidences [sic] of serious attorney misconduct, as established by his criminal convictions, warrant the imposition of permanent disbarment under Guideline 9. It is further noted that the guidelines are merely illustrative. Respondent’s prior disciplinary record coupled with his current conviction for engaging in serious criminal conduct provide a clear indication that he lacks the moral fitness to practice law, is a threat to his clients, the profession and the public, and should be permanently disbarred.
 

 Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions
 
 *254
 
 |sthat flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/08), 838 So.2d 715.
 

 Based on the deemed admitted allegations of the formal charges as well as other evidence in the record, it is undisputed that respondent was convicted of two counts of making and subscribing a false tax return, a felony, in violation of 26 U.S.C. § 7206(1) and one count of tax evasion, a felony, in violation of 26 U.S.C. § 7201. Therefore, the sole issue presented for our consideration is the appropriate sanction for this misconduct.
 

 In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 The jurisprudence indicates the baseline disciplinary sanction for attorneys who have been convicted of felony tax evasion is a substantial suspension from the practice of law.
 
 [6]
 

 See, e.g., Louisiana State Bar Ass’n v. O’Hallman,
 
 412 So.2d 523 (La.1982) (imposing a three-year suspension upon an attorney who was convicted of two counts of willful attempt to evade or defeat income tax and one count of willfully making and subscribing false personal income tax returns).
 

 Numerous aggravating factors exist in this case: prior disciplinary offenses, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, and ^substantial experience in the practice of law. The sole mitigating factor is the imposition of other penalties or sanctions.
 

 Considering these factors, we find there is a sufficient basis to deviate upward from the baseline sanction and impose disbarment. Having found disbarment is an appropriate sanction, we turn to the question of whether respondent’s conduct is so egregious that he should be permanently prohibited from seeking readmission to the practice of law.
 

 In recommending permanent disbarment, the disciplinary board relied on Guideline 9, which provides permanent disbarment may be appropriate for “instances of serious attorney misconduct or conviction for a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime.”
 

 As a threshold matter, we agree respondent’s current felony conviction constitutes a serious crime for purposes of Supreme Court Rule XIX, § 19(B), which defines serious crime as “a felony or any other crime, the necessary element of which as determined by the statute defining such crime, reflects upon the attorney’s moral fitness to practice law.” However, we question whether this conviction was preceded by discipline for “prior instances of serious attorney misconduct or conviction of a serious crime.”
 

 
 *255
 
 Guideline 9 defines serious attorney misconduct as “any misconduct which results in a suspension of more than one year.” While it is true respondent’s suspension in
 
 Thomas I
 
 resulted in a suspension of fifteen months, all but nine months of that suspension was deferred. Although Guideline 9 does not address the effect of a partial deferral of a suspension, Supreme Court Rule XIX, § 24(A) indicates the deferred portion of a suspension is | innot considered for purposes of determining whether the lawyer has been suspended for more than one year for reinstatement purposes: “[a] disbarred lawyer or a suspended lawyer who has served a suspension period of more than one year, exclusive of any waivers or periods of deferral, shall be reinstated or readmitted only upon order of the court.” [emphasis added]. Reading this provision
 
 in para materia
 
 with Guideline 9, we find the deferred portion of a suspension should not be included in determining whether a suspension exceeds one year. Therefore, the nine-month actual suspension imposed in
 
 Thomas I
 
 does not constitute “serious attorney discipline” as that term is defined in Guideline 9.
 

 Nonetheless, the conviction which formed the basis of respondent’s discipline in
 
 Thomas I
 
 constitutes a conviction of a “serious crime” for purposes of Guideline 9. As discussed earlier, Guideline 9 references Supreme Court Rule XIX, § 19(B), which defines serious crime as “a felony or any other crime, the necessary element of which as determined by the statute defining such crime, reflects upon the attorney’s moral fitness to practice law.”
 

 In
 
 Thomas I,
 
 respondent was convicted of two counts of willful failure to timely file income tax returns for the years 1988 and 1989, in violation of 26 U.S.C. § 7208. Because a violation of this statute is a misdemeanor rather than a felony, we must examine the elements of the crime to determine whether these elements reflect upon the attorney’s moral fitness to practice law.
 

 In order to establish a violation of 26 U.S.C. § 7203, the government must prove (1) that the defendant was required to file a return; (2) that the defendant failed to file a return; and (3) that the failure to file a return was willful.
 
 United States v. Buckley,
 
 586 F.2d 498, 503-04 (5th Cir.1978). The word “willful” as used in this statute “generally connotes a voluntary, intentional violation of a known legal duty.”
 
 United States v. Pomponio,
 
 429 U.S. 10, 12, 97 S.Ct. 22, 50 L.Ed.2d 12 (quoting
 
 United States v. Bishop,
 
 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973)). It “requires proof of a specific intent to do something which the law forbids; more than a showing of careless disregard for the truth is required.”
 
 United States v. Hooks,
 
 848 F.2d 785, 790 (7th Cir.1988).
 

 In
 
 Disciplinary Action Against Fosaaen,
 
 234 N.W.2d 867 (N.D.1975), the Supreme Court of North Dakota concluded that due to an attorney’s position of public trust, a violation of 26 U.S.C. § 7203 constituted an action of moral turpitude:
 

 An attorney is trained at law, has taken an oath, assumes a position of public trust and holds himself out to the public as being fit and capable of handling its funds and problems. The attorney has assumed a position of responsibility to the law itself and any disregard for the law is more serious than a breach by a layman or non-lawyer. He is an officer of the Court.
 

 We are compelled to conclude that failure to file a federal income tax return, which is a misdemeanor, but which violation in reality turns out to be a second violation and also a violation of a condition of his probation, and the wrongful
 
 *256
 
 claiming of ineligible dependents, constitute actions involving moral turpitude for which a suspension from the practice of law is warranted.
 

 We believe this same reasoning applies to the instant case. Accordingly, we conclude respondent’s conviction in
 
 Thomas I
 
 for two counts of willful failure to timely file income tax returns for the years 1988 and 1989 in violation of 26 U.S.C. § 7203 is a crime which reflects on his moral fitness to practice law for purposes of Guideline 9.
 

 Accordingly, we will accept the recommendation of the disciplinary board and permanently disbar respondent.
 

 | ^DECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that the name of Samuel H. Thomas, Louisiana Bar Roll number 9526, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this State. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . According to the indictment, respondent concealed from the IRS his receipt of a
 
 *251
 
 $640,000 fee in a personal injury case. Furthermore, respondent allegedly used his law practice to pay for many personal expenses which were deducted as business expenses, including a $53,500 Lexus automobile and more than $30,000 in gifts to family members.
 

 [2]
 

 .26 U.S.C. § 7206, entitled “Fraud and false statements,” provides, in pertinent part:
 

 Any person who—
 

 (1) Declaration under penalties of perjury Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it be true and correct as to every material matter;
 

 [[Image here]]
 

 shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution.
 

 [3]
 

 . 26 U.S.C. § 7201, entitled “Attempt to evade or defeat tax," provides:
 

 Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both together with the costs of prosecution.
 

 [4]
 

 . Rule 8.4 provides in pertinent part:
 

 It is professional misconduct for a lawyer to:
 

 [[Image here]]
 

 (b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
 

 (c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
 

 [5]
 

 . After the committee filed its report, respondent filed a pleading with the disciplinary board styled "Motion to File Written Materials Documents [sic] Out of Time.” In the motion, respondent requested to supplement the record with a copy of his writ of certiorari to the United States Supreme Court. The ODC did not specifically object to respondent’s motion, but noted the writ of certiorari was ultimately denied. By order dated January 25, 2010, the board allowed respondent to supplement the record with a copy of the writ of certiorari. The board also took note of the denial of the writ application by the Supreme Court.
 

 [6]
 

 . We contrast cases arising from convictions for felony tax evasion with those stemming from convictions for misdemeanor failure to file tax returns. In the latter instance, the jurisprudence supports suspensions from the practice of law ranging from six months to two years, all or part of which may be deferred.
 
 See In re: Cook,
 
 10-0092 (La.4/16/10), 33 So.3d 155.