ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert C. Arledge, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to a joint motion of the parties filed in August 2007.
 
 In re: Arledge,
 
 07-1604 (La.8/3/07), 961 So.2d 1143.
 

 UNDERLYING FACTS
 

 In March 2007, respondent was convicted by a federal jury in Jackson, Mississippi of one count of conspiracy to commit mail and wire fraud, four counts of mail fraud, and two counts of wire fraud. The charges related to respondent’s role in a fraudulent litigation scheme involving the Fen-Phen diet drugs Pondimin and Re-dux. Specifically, respondent knowingly submitted false information (including false prescriptions, pharmacy records, and medical records) on behalf of plaintiffs who falsely claimed they took the Fen-Phen
 
 *970
 
 drugs so they could share in settlement payments made by the makers of the prescription drugs. As a result of submitting the false information, respondent and numerous fraudulent plaintiffs received more than $6.7 million in settlements and attorney’s fees to which they were not entitled.
 

 [.DISCIPLINARY PROCEEDINGS
 

 In August 2007, the ODC filed one count of formal charges against respondent, alleging his conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 In September 2007, respondent filed a motion to stay the disciplinary matter pending the appeal of his criminal conviction. In October 2007, the disciplinary board granted the motion. On December 22, 2008, the United States Fifth Circuit Court of Appeals affirmed respondent’s conviction as to all counts.
 
 United States v. Arledge,
 
 553 F.3d 881 (5th Cir.2008). The conviction became final on April 20, 2009, upon the denial of respondent’s petition for writ of certiorari by the United States Supreme Court.
 
 Arledge v. United States,
 
 - U.S. -, 129 S.Ct. 2028, 173 L.Ed.2d 1088 (2009).
 

 Hearing Committee Report
 

 Following the finality of respondent’s criminal conviction, this matter proceeded to a formal hearing on the merits. The ODC introduced documentary evidence at the hearing but called no witnesses to testify before the committee. Respondent did not appear at the hearing; rather, he provided the committee with a letter in which he proclaimed his innocence.
 

 In its report prepared after the hearing, the hearing committee recounted the facts underlying respondent’s criminal conviction. Based upon those facts, the |scommittee determined respondent violated the Rules of Professional Conduct as charged.
 
 [1]
 

 The committee concluded respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the profession. The committee also found the amount of injury caused by respondent’s conduct was “very large.” After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is disbarment.
 

 The committee found no evidence of any aggravating or mitigating factors.
 

 After considering respondent’s misconduct in light of the permanent disbarment guidelines, the committee recommended respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s report.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board found the hearing committee’s factual findings are supported by the record and that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 
 [2]
 
 The board determined respon
 
 *971
 
 dent intentionally violated duties owed to the legal system, the public, and the profession. Respondent caused significant actual harm to the legal system and third 14parties by fraudulently obtaining approximately $6 million of class action settlement funds for himself and those involved in the conspiracy. These actions, which were reported to the media, caused harm to the public’s perception of the profession. The board determined the baseline sanction for respondent’s misconduct is disbarment.
 

 The board recognized the following aggravating factors: a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1989), and illegal conduct. The board determined the only mitigating factor present is the absence of a prior disciplinary record.
 

 Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended respondent be permanently disbarred.
 

 Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Perez,
 
 550 So.2d 188 (La.1989).
 

 |5In this matter, respondent was convicted of several counts of mail and wire fraud and one count of conspiracy arising out of his role in a fraudulent litigation scheme. These crimes are felonies under federal law and clearly warrant serious discipline. The only issue to be resolved by this court is the appropriate sanction for respondent’s misconduct.
 

 The applicable baseline sanction in this matter is disbarment. Respondent acted intentionally, causing serious harm to the parties involved in the Fen-Phen litigation, as well as to the legal profession. The record supports the aggravating and mitigating factors found by the disciplinary board. The mitigating factor of imposition of other penalties or sanctions is also present.
 
 [3]
 

 The sole remaining question for our consideration is whether respondent’s conduct is so egregious that he should be permanently prohibited from seeking readmission to the practice of law. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful infor
 
 *972
 
 mation concerning the types of conduct we might consider worthy of permanent disbarment.
 

 For purposes of the instant case, Guideline 2 is relevant. That guideline details the following conduct:
 

 GUIDELINE 2. Intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury.
 

 Respondent has been convicted of fraud and conspiracy charges arising out of his actions in defrauding a class action settlement fund for personal gain. Among other conduct, respondent submitted false documentation on behalf of plaintiffs who 1 (¡claimed they had used the Fen-Phen diet drugs so they could share in the settlement payments. This fraud resulted in a loss to the settlement fund of more than $6.7 million. Clearly, respondent’s conduct demonstrates an intent to corrupt the judicial process.
 

 Under these circumstances, we find respondent lacks the moral fitness to practice law in Louisiana. Because we can conceive of no circumstance under which we would ever grant readmission to him, respondent must be permanently disbarred.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that Robert C. Ar-ledge, Louisiana Bar Roll number 19465, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . The committee also determined that respondent violated Rules 3.1 (meritorious claims and contentions), 3.3 (candor toward the tribunal), 3.4(a) (unlawfully obstructing another party’s access to evidence), 3.4(b) (falsifying evidence), 4.1 (truthfulness in statements to others), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct, which were not charged in the formal charges.
 

 [2]
 

 . “[Ojut of an abundance of caution,” the board rejected the committee’s conclusion
 
 *971
 
 that respondent also violated Rules 3.1, 3.3, 3.4, 4.1, and 8.4(d) of the Rules of Professional Conduct. The board explained that those rule violations were not set forth in the formal charges and that respondent was not given fair and adequate notice of the alleged misconduct.
 
 See In re: Ruffalo,
 
 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968).
 

 [3]
 

 . Respondent was sentenced to serve seventy-eight months in federal prison following his criminal conviction.