PER CURIAM.
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Henry A. Dillon, III, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public.
 
 In re: Dillon,
 
 06-0083 (La.1/13/06), 918 So.2d 466.
 

 UNDERLYING FACTS
 

 On December 2, 2005, a federal grand jury in New Orleans indicted respondent on two counts of deprivation of rights under color of law, violations of 18 U.S.C. § 242. The indictment alleged that respondent sexually assaulted two women while acting under color of state law as a Deputy City Attorney for the City of New Orleans. Following a jury trial in 2006, respondent was found guilty as charged
 
 *435
 
 and sentenced to life imprisonment on each count, to be served concurrently.
 

 DISCIPLINARY PROCEEDINGS
 

 In July 2007, the ODC filed one count of formal charges against respondent, alleging that by his actions as set forth above he has committed a criminal act in violation of Rule 8.4(b) of the Rules of Professional Conduct. On April 22, 2008, the hearing committee entered an order staying the disciplinary matter pending the finality of respondent’s criminal conviction.
 

 On June 20, 2008, the United States Court of Appeals for the Fifth Circuit affirmed respondent’s conviction.
 
 United States v. Dillon,
 
 532 F.3d 379 (5th Cir.2008). Respondent failed to timely file a petition for writ of certiorari to the United States Supreme Court. According to respondent, before he could complete his petition for writ of certiorari, the Bureau of Prisons “confiscated” his legal work and transferred him from one prison facility to another. Respondent further contended that his legal papers were not returned to him until after the deadline expired for filing his writ of certiorari. In the interim, respondent filed a motion with the United States Supreme Court seeking an extension of time within which to file his writ of certiorari, in which he explained his situation. This motion was presented to Justice Antonin Sealia and denied on September 15, 2008. In September 2009, respondent filed a motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255, asserting, among other issues, that he had been denied access to the courts as a result of the confiscation of his legal papers by corrections officials. To remedy this asserted deprivation of his constitutional rights, respondent argued that the circuit court could recall its mandate to permit him to file a timely petition for certiorari. Respondent’s § 2255 motion remained pending until March 31, 2011, at which time it was denied by the federal district court.
 
 [1]
 

 United States v. Dillon,
 
 2011 WL 1235157 (E.D.La.2011).
 

 In the meantime, in February 2010, the ODC filed a motion with the disciplinary board seeking to lift the stay of the disciplinary proceeding. By order dated March 4, 2010, the board granted the motion, lifted the stay, and ordered respondent to file an answer to the formal charges by March 24, 2010.
 
 [2]
 
 Respondent 1,gtimely filed an answer on that date, in which he acknowledged that his conviction, unless reversed, constitutes a criminal act in violation of Rule 8.4(b) of the Rules of Professional Conduct.
 

 Following the filing of respondent’s answer, this matter was set for a formal hearing on the merits on July 9, 2010. On June 7, 2010, respondent’s counsel of record filed a motion to withdraw, asserting that they had reached an “impasse” with respondent with respect to the defense of the formal charges. Respondent objected to the motion. Counsel also sought a continuance of the July hearing date in order to permit respondent sufficient time to
 
 *436
 
 prepare for the formal charge hearing. The hearing committee chair granted the continuance on June 15, 2010. On August 6, 2010, the chair signed an order permitting respondent’s counsel of record to ■withdraw.
 

 The matter then proceeded to a formal hearing on September 10, 2010. Respondent was incarcerated on the date of the hearing and thus did not attend in person; however, he did participate by telephone, making two primary arguments to the hearing committee: first, that he has been denied his right to counsel in this matter, and second, that his criminal conviction was not yet final because his § 2255 motion was still pending.
 

 Hearing Committee Report
 

 Following the hearing, the hearing committee issued its report, in which it concluded that respondent’s criminal conviction is conclusive proof that he | committed the essential elements of the offenses charged. Accordingly, the committee found respondent violated Rule 8.4(b) of the Rules of Professional Conduct. Rejecting respondent’s arguments regarding his right to be represented by counsel and the finality of his criminal conviction, the committee recommended respondent be permanently disbarred.
 

 Respondent filed an objection to the hearing committee’s report and recommendation.
 

 Disciplinary Board Recommendation
 

 At the outset, the disciplinary board rejected respondent’s argument that his conviction is not yet final. The board noted that the court of appeals affirmed respondent’s conviction on June 20, 2008, and that he did not file a timely petition for writ of certiorari with the United States Supreme Court; therefore, the board determined respondent’s conviction has become final. The board likewise rejected respondent’s argument that he was prejudiced by the hearing committee’s decision to allow his counsel of record to withdraw from this case prior to the hearing, reasoning that the committee’s ruling was within its discretion.
 

 Turning to the merits of the matter, the board agreed that the certificate of respondent’s conviction provides conclusive evidence of his guilt of the crimes of which he has been convicted. Accordingly, the board found that respondent violated Rule 8.4(b) of the Rules of Professional Conduct as charged. The board determined that respondent intentionally violated duties owed to the public and to the legal system, causing actual injury. The baseline sanction for respondent’s misconduct is disbarment.
 

 15In mitigation, the board acknowledged that respondent has no prior disciplinary record.
 
 [3]
 
 The board found the following aggravating factors are present: a pattern of misconduct, multiple offenses,
 
 [4]
 
 refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1994), and illegal conduct.
 

 Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended respondent be permanently disbarred.
 

 
 *437
 
 Respondent filed an objection to the disciplinary board’s report and recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
 

 DISCUSSION
 

 As a procedural matter, we must first address respondent’s contention that this proceeding is premature because his federal criminal conviction is not yet final. Pursuant to Supreme Court Rule XIX, § 19(E), a conviction becomes final when “all appeals have been concluded or exhausted.” In prior disciplinary matters, we have noted that the lawyer’s conviction became final on direct review upon the conclusion of proceedings in the United States Supreme Court.
 
 [5]
 
 Nothing in our rules or | ^jurisprudence suggests that habeas proceedings or other proceedings for post-conviction relief affect the finality of the conviction for disciplinary purposes. Indeed, in
 
 Louisiana State Bar Ass’n v. Shaheen,
 
 338 So.2d 1347 (La.1976), we expressly rejected such a notion, stating, “The possibility of post-conviction relief through applications for writs of habeas corpus or motions for new trials does not affect the finality of the conviction.”
 

 Here, the United States Court of Appeals for the Fifth Circuit affirmed respondent’s conviction on June 20, 2008. Respondent did not file a petition for a writ of certiorari. The time in which he could have petitioned for certiorari expired on September 18, 2008, ninety days after entry of the judgment of the court of appeals. See United States Supreme Court Rule 13. Accordingly, once the time for filing a petition for writ of certiorari expired, respondent’s conviction became final for purposes of discipline under Supreme Court Rule XIX.
 

 Respondent further argues that he has been unconstitutionally deprived of counsel in these proceedings because the hearing committee permitted his attorneys to withdraw. This argument has no merit. Respondent retained counsel to represent him in this matter, but prior to the completion of the proceedings, his attorneys filed a motion to withdraw, citing irreconcilable differences with their client over the direction of the representation. Counsel also sought a continuance of the formal charge hearing on respondent’s behalf so that he would have adequate time to prepare to represent himself at the hearing. Under the circumstances, we see no prejudice to respondent caused by his counsel’s decision to withdraw.
 

 17Turning to the merits, we have held that when disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana
 
 
 *438
 

 State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Perez,
 
 550 So.2d 188 (La.1989).
 

 Respondent stands convicted of sexually assaulting two women while acting under color of law. This crime is a felony under federal law and clearly warrants serious discipline. Indeed, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
 

 We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct which might be considered worthy of permanent disbarment. For purposes of the instant case, Guidelines 2 and 4 are relevant. Those guidelines provide:
 

 GUIDELINE 2. Intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury.
 

 GUIDELINE 4. Sexual misconduct which results in a felony criminal conviction, such as rape or child molestation.
 

 Here, respondent violated the civil rights of two women by abusing his power as a Deputy City Attorney to commit sexual assaults against them. He was convicted of two felony counts in connection with his sexual misconduct and sentenced to serve life in prison. This conduct clearly falls within the scope of the permanent disbarment guidelines.
 

 Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that the name of Henry A. Dillon, III, Louisiana Bar Roll number 23038, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . In his brief to this court, respondent asserts that he has appealed the district court’s ruling to the United States Court of Appeals for the Fifth Circuit.
 

 [2]
 

 . Respondent subsequently moved to recall the board’s order, arguing that the appeal process was not complete because his § 2255 motion was still pending before the federal district court. The ODC opposed the motion, asserting that such a proceeding does not constitute an “appeal” of a criminal conviction for purposes of Supreme Court Rule XIX. In March 2010, the board denied respondent’s motion to recall the order lifting the stay. Respondent then sought review of the board’s ruling in this court. We denied the application in April 2010.
 
 In re: Dillon,
 
 10-0834 (La.4/30/10), 34 So.3d 289.
 

 [3]
 

 . We also note that other penalties and sanctions have been imposed upon respondent in connection with his criminal conviction.
 

 [4]
 

 . In support of the aggravating factors of a pattern of misconduct and multiple offenses, the board relied upon the transcript of the arraignment and detention hearing conducted in federal court on December 12, 2005, shortly after respondent’s arrest. During the hearing, five women, including the two women named in the indictment, testified they had been sexually assaulted by respondent.
 

 [5]
 

 .
 
 See In re: Arledge,
 
 10-1014 (La.9/3/10), 42 So.3d 969 ("[t]he conviction became final on April 20, 2009, upon the denial of respondent's petition for writ of certiorari by the United States Supreme Court”);
 
 In re: Thomas,
 
 10-0593 (La.6/25/10), 38 So.3d 248 (”[t]he conviction became final on November 30, 2009, upon the denial of respondent’s petition for writ of certiorari by the United States Supreme Court”);
 
 In re: Edwards,
 
 04-0290 (La.7/2/04), 879 So.2d 718 ("[t]he conviction became final on February 24, 2003, upon the denial of respondent’s petition for writ of certiorari by the United States Supreme Court”);
 
 In re: O'Keefe,
 
 03-3195 (La.7/2/04), 877 So.2d 79 (”[o]n June 11, 2001, the United States Supreme Court denied respondent's petition for writ of certiorari; his conviction became final on August 6, 2001, upon the Supreme Court’s denial of rehearing in the matter”).