ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Paul S. Minor, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his conviction of a serious crime.[1] In re: Minor, 07-1184 (La.6/20/07), 958 So.2d 675.
UNDERLYING FACTS
In 2005, a federal grand jury in the Southern District of Mississippi returned an indictment charging respondent with participating in a bribery scheme in which he provided two Mississippi state judges with money and other things of value in return for favorable rulings in cases he filed in their courts. In 2007, a jury found respondent guilty of conspiracy, mail fraud, wire fraud, honest services fraud, racketeering, and bribery charges arising out of the schemes. Respondent was subsequently sentenced to serve eleven years in a federal penitentiary, fined $2.75 million, and ordered to pay restitution of $1.5 million.
On December 11, 2009, the United States Court of Appeals for the Fifth Circuit reversed respondent’s conviction of one count of conspiracy to commit 12bribery and two counts of bribery, but affirmed the conviction on all other counts. United States v. Minor, 590 F.3d 325 (5th Cir.2009). The court of appeals vacated respondent’s sentence on all counts and remanded the case to the district court for resentencing on the remaining counts of the conviction. On October 4, 2010, the *321 United States Supreme Court denied respondent’s petition for writ of certiorari. Minor v. United States,-U.S.-, 131 S.Ct. 124, 178 L.Ed.2d 33 (2010).
In December 2010, while the matter was pending for resentencing, respondent filed a motion to vacate his conviction in light of the Supreme Court’s decision in Skilling v. United States, — U.S. -, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), which narrowed the scope of the honest services fraud statute. The district court denied the motion to vacate, and resentenced respondent to serve eight years in federal prison. The district court also imposed a $2 million fine and ordered respondent to pay restitution of $1.5 million. On August 14, 2012, the Fifth Circuit affirmed the district court’s judgment on remand. United States v. Minor, 691 F.3d 578 (5th Cir.2012).
DISCIPLINARY PROCEEDINGS
In October 2007, the ODC filed one count of formal charges against respondent, alleging that by his actions as set forth above he has violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Respondent filed an answer to the formal charges and admitted his conviction, but denied any violation of the Rules of Professional Conduct. The disciplinary matter was then held in abeyance pending the finality of respondent’s criminal conviction.
^Following the Fifth Circuit’s December 11, 2009 ruling, the ODC filed a motion seeking to set the formal charges for hearing. By order dated April 8, 2010, the hearing committee granted the motion and set the matter for a hearing on the merits on June 14, 2010. On June 9, 2010, the committee granted a motion by respondent for a continuance of the hearing, as the United States Supreme Court had not then ruled on his petition for writ of certiorari. After the Court denied certiorari, various hearing dates were set and then continued on respondent’s motions asserting that his criminal conviction was not yet final. The hearing was eventually fixed for October 17, 2011; however, by agreement of the parties, no hearing took place and the matter was submitted to the hearing committee on documents only.[2] Notwithstanding his agreement to this procedure, respondent continued to maintain that his conviction is not final and that the ODC’s prosecution of the formal charges is premature.

Hearing Committee Report

On December 13, 2011, the hearing committee issued its report in this matter. At the outset, the committee rejected respondent’s argument that his conviction is not final, citing our opinion in In re: Dillon, 11-0331 (La.7/1/11), 66 So.3d 434.[3] The *322 committee then turned to an analysis of the documentary evidence submitted by the parties, and made the following findings:
1. On December 6, 2005, respondent was indicted on eleven counts by a federal grand jury.
|42. On March 30, 2007, respondent was convicted by a jury on all eleven counts.
3. On December 11, 2009, the United States Fifth Circuit Court of Appeals reversed respondent’s convictions as to Counts Two (conspiracy to commit federal program bribery), Twelve (federal program bribery), and Fourteen (federal program bribery) and affirmed respondent’s conviction as to all other counts; namely: Counts One (conspiracy), Three (racketeering), Four (mail fraud/honest services), Five (mail fraud/honest services), Six (mail fraud/honest services), Eight (wire fraud/honest services), Nine (mail fraud/honest services), and Ten (mail fraud/honest services). The court of appeals remanded the case to the United States District Court for the Southern District of Mississippi for resentencing purposes only.
4. On October 4, 2010, the United States Supreme Court denied respondent’s petition for writ of certio-rari.
5. On February 11, 2011, the Mississippi Supreme Court ordered respondent’s permanent disbarment from the practice of law in Mississippi.
6. On June 8, 2011, the United States District Court for the Southern District of Mississippi denied respondent’s motion to vacate his convictions.
7.On June 13, 2011, the United States District Court for the Southern District of Mississippi resentenced respondent.
Based upon these findings, the committee determined that respondent violated the Rules of Professional Conduct as charged in the formal charges. The committee found that respondent’s conduct was knowing and intentional, and that the applicable baseline sanction is disbarment.
Finding no mitigating factors are present, and considering respondent’s misconduct in light of the permanent disbarment guidelines, the committee recommended he be permanently disbarred.
| ^Respondent filed an objection to the hearing committee’s report and recommendation, again asserting that his criminal conviction is not final. Respondent also maintained that the sanction of permanent disbarment is too harsh and that the committee erred in fading to give appropriate consideration to the mitigating circumstances.

Disciplinary Board Recommendation

At the outset, the disciplinary board found that respondent’s conviction is considered final for purposes of Supreme Court Rule XIX, as the United States Supreme Court denied respondent’s petition for writ of certiorari on October 4, 2010. Furthermore, the board concluded that the relief respondent was seeking in the motion to vacate his conviction was what was classified as “post-conviction relief’ in Dillon, supra, which does not affect the finality of his conviction for purposes of lawyer discipline.
Turning to the merits of the matter, the board found that the certificate of respondent’s conviction provides conclusive evidence of his guilt of the crimes of which he has been convicted. Accordingly, the *323 board found that respondent violated the Rules of Professional Conduct as charged. The board determined that respondent intentionally violated duties owed to the public, the legal system, and the profession, causing significant harm. The baseline sanction for respondent’s misconduct is disbarment.
The board found the following mitigating factors are present: absence of a prior disciplinary record, character or reputation, and imposition of other penalties or sanctions. In aggravation, the board found the following factors: a dishonest or selfish motive, a pattern of misconduct, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1974), and illegal conduct.
|fiConsidering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended respondent be permanently disbarred.
Respondent filed an objection to the disciplinary board’s report and recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
As a procedural matter, we must first address respondent’s contention that this proceeding is premature because his federal criminal conviction is not yet final. Pursuant to Supreme Court Rule XIX, § 19(E), a conviction becomes final when “all appeals have been concluded or exhausted.” In prior disciplinary matters, we have noted that the lawyer’s conviction became final on direct review upon the conclusion of proceedings in the United States Supreme Court.[4] Nothing in our rules or jurisprudence suggests that habe-as proceedings or other proceedings for post-conviction relief affect the finality of the conviction for disciplinary purposes. Indeed, we expressly rejected such a notion in Dillon, supra, citing Louisiana State Bar Ass’n. v. Shaheen, 338 So.2d 1347 (La.1976), in which we stated that “[t]he possibility of post-conviction relief through applications for writs of habeas corpus or motions for new trials does not affect the finality of the conviction.”
17Here, the United States Supreme Court denied respondent’s petition for writ of certiorari on October 4, 2010. Accordingly, respondent’s conviction has become final for purposes of Rule XIX.
Turning to the merits, we have held that when disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n. v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be im *324 posed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n. v. Perez, 550 So.2d 188 (La.1989).
Respondent stands convicted of engaging in a scheme whereby he provided financial compensation to two judges in exchange for favorable rulings in their courts. This crime is a felony under federal law and clearly warrants serious discipline. Indeed, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct which might be considered worthy of permanent disbarment. For purposes of the instant case, Guideline 2 is relevant. That guideline provides:
GUIDELINE 2. Intentional corruption of the judicial process, including but not limited to bribery, perjury, and subornation of perjury.
|sHere, the record demonstrates that respondent secured bank loans for two Mississippi state court judges, purportedly for campaign expenses. Thereafter, in an effort to conceal the fact that he was paying off the loans himself, respondent used cash and third-party intermediaries to disguise the true source of the loan payments. In exchange for this financial assistance, respondent subsequently received extremely favorable rulings from the judges in cases he filed in their courts. This conduct amounts to a blatant corruption of the judicial system, and will not be tolerated by this court.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that the name of Paul S. Minor, Louisiana Bar Roll number 9629, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent was also admitted to practice in Mississippi; however, by order of the Mississippi Supreme Court dated February 11, 2011, respondent was permanently disbarred in that state based upon his criminal conviction. Mississippi Bar v. Minor, 83 So.3d 1270 (Miss.2011). Notably, however, the instant disciplinary proceeding is by formal charges and is not reciprocal discipline.

. The documentary evidence submitted by the ODC included (1) the grand jury indictment against respondent; (2) the jury verdict form; (3) the December 11, 2009 opinion of the Fifth Circuit; (4) the February 11, 2011 order of the Mississippi Supreme Court permanently disbarring respondent; (5) the June 8, 2011 transcript of the hearing on respondent's motion to vacate his criminal conviction; and (6) the June 13, 2011 transcript of respondent’s resentencing. Respondent’s documentary evidence included copies of 158 supporting letters and affidavits submitted to the federal court in connection with his sentencing, as well as the transcripts of character testimony provided by his father and five other witnesses in the federal case.

. In Dillon, this court held that habeas proceedings or other post-conviction relief proceedings do not affect the finality of a convic *322 tion for the purposes of attorney disciplinary proceedings.

. See In re: Arledge, 10-1014 (La.9/3/10), 42 So.3d 969 ("[t]he conviction became final on April 20, 2009, upon the denial of respondent’s petition for writ of certiorari by the United States Supreme Court”); In re: Thomas, 10-0593 (La.6/25/10), 38 So.3d 248 (”[t]he conviction became final on November 30, 2009, upon the denial of respondent’s petition for writ of certiorari by the United States Supreme Court”); In re: Edwards, 04-0290 (La.7/2/04), 879 So.2d 718 (”[t]he conviction became final on February 24, 2003, upon the denial of respondent's petition for writ of certiorari by the United States Supreme Court”); In re: O'Keefe, 03-3195 (La.7/2/04), 877 So.2d 79 (‘'[o]n June 11, 2001, the United States Supreme Court denied respondent’s petition for writ of certiorari; his conviction became final on August 6, 2001, upon the Supreme Court’s denial of rehearing in the matter”).