*924 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| T This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Wade P. Richard, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history.
Respondent was admitted to the practice of law in Louisiana in 1988. In 1999, respondent consented to be publicly reprimanded by the disciplinary board after he entered a no contest plea to a misdemean- or charge of unauthorized use of a movable.[1] In 2010, this court disbarred respondent, retroactive to the date of his interim suspension on February 15, 2006, based upon his conviction of criminal mischief stemming from a violent physical altercation with his elderly father and his forging of a medical record at the request of a client whom he represented on drug charges. In re: Richard, 10-1479 (La.11/30/10), 50 So.Bd 1284 {“Richard I”). Respondent has not sought readmission and remains disbarred.
|2Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.
UNDERLYING FACTS
In June 2007, respondent was driving with passenger Shannon Boudreaux when he was stopped by the Lafayette Police Department (“LPD”). The officers asked for respondent’s identification and discovered that his driver’s license had been suspended. The officers then arrested respondent, at which time respondent volunteered that there were “narcotics” inside the vehicle. Thereafter, officers from the Lafayette Parish Narcotics Unit were called to the scene. A subsequent search revealed the presence of approximately 200 alprazolam (Xanax) tablets. Respondent was then arrested and booked on charges of possession with intent to distribute Schedule IV narcotics. Respondent was later allowed to plead guilty to a misdemeanor (possession of drug paraphernalia) by the district attorney’s office.
DISCIPLINARY PROCEEDINGS
In April 2013, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated Rule 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. Respondent answered the formal charges, denying any misconduct. The matter then proceeded to a formal hearing on the merits.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee found clear and convincing evidence that respondent and Mr. Bou-dreaux “worked together in setting up a drug deal with an undercover police ^officer, traveled to the meet location, all with the intent to sell the drugs ordered.” In reaching this conclusion, the committee *925 found the ODC’s witnesses to be credible,[2] and found respondent not credible. The committee specifically noted that respondent “was inconsistent with his statements attributed to him by the police, he was inconsistent with his oral testimony at the hearing, and he minimized his prior bad acts always with explanations.” Based on these findings, the committee determined respondent violated Rule 8.4(b) of the Rules of Professional Conduct.
The committee determined respondent acted intentionally and knowingly in his possession of the drugs, and with the intent to distribute them. After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is disbarment.
In aggravation, the committee found the following factors: a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1988). In mitigation, the committee found the imposition of other penalties or sanctions.
In light of the above findings, the committee recommended that respondent remain disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation. However, in its brief to the disciplinary board, the ODC noted that respondent was previously disbarred for misconduct involving drugs and “continues to pose a significant danger to the welfare of the citizens of this state, and should be permanently precluded from exercising the privilege of practicing law.”
| ¿Disciplinary Board Recommendation
After reviewing the record, the disciplinary board determined the hearing committee’s factual findings are supported by the record and are not manifestly erroneous. The board also found that the hearing committee correctly applied the Rules of Professional Conduct to determine respondent violated Rule 8.4(b), as alleged in the formal charges. Accordingly, the board adopted the committee’s findings of fact and law.
The board determined respondent violated duties owed to the public and to the legal profession when he engaged in criminal conduct. These acts, by their very nature, were intentional and knowing and resulted in serious injury to the legal profession and potentially serious injury to the public. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is disbarment. The board adopted the aggravating and mitigating factors found by the committee.
After considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, as well as this court’s prior jurisprudence addressing similar misconduct, the board recommended respondent be permanently disbarred. The board also recommended respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s report and recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this *926 court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. p-0/2/09),⅞ 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record in this matter supports a finding that respondent conspired and arranged to sell controlled dangerous substances to an undercover narcotics officer. This misconduct amounts to a violation of Rule 8.4(b) of the Rules of Professional Conduct as found by the hearing committee and the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the board’s assessment that respondent knowingly and intentionally violated duties owed to the public and the legal profession. His actions resulted in serious injury to the legal profession and potentially serious injury to the public.
The baseline sanction for this type of misconduct is disbarment.
The board has concluded that respondent’s offenses are so egregious that he should be permanently disbarred. In support, the board cites Guideline 9 of the permanent disbarment guidelines (instances of serious attorney misconduct or conviction of a serious crime preceded by suspension or disbarment for prior ^instances of serious attorney misconduct or conviction of a serious crime). The board acknowledges, however, that although this guideline “does not technically ‘fit’ this matter, the parallel is apparent.”
The board is correct that Guideline 9 does not apply here. While respondent’s drug-related activity constitutes serious attorney misconduct, it was not preceded by his suspension or disbarment for prior instances of serious attorney misconduct or a conviction of a serious crime. Rather, respondent’s disbarment in Richard I occurred in 2010, after the June 2007 misconduct at issue in this matter. Furthermore, respondent has never been convicted of a serious crime, as that term is defined by Supreme Court Rule XIX, § 19. Therefore, Guideline 9 is inapplicable.
Nevertheless, it is abundantly clear that the permanent disbarment guidelines are not intended to bind our decision-making process. In re: Minor, 12-1006 (La.10/16/12), 100 So.3d 319. Regardless of the fact that respondent’s misconduct may not definitively fit any of the specific permanent disbarment guidelines, his conduct demonstrates a clear lack of moral fitness. His behavior continues to place the public at risk and tarnish the image of the legal profession. In order to protect the public and maintain the high standards of the legal profession in this state, we find respondent should not be allowed the op *927 portunity to return to the practice of law in the future.
Accordingly, we will adopt the board’s recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Wade P. Richard, Louisiana Bar Roll number 19119, be stricken from the roll of 17attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. According to the board report, respondent was initially charged with felony theft of properly, including a knife, a pistol, and a caller ID box, from one of his clients in a domestic matter.

. The ODC called Amanda Hebert, a forensic chemist with the Acadiana Criminalistics Laboratory, as well as several LPD officers to testify before the committee, including William White, John Kelley, Kyle Soriez, and Brent Taylor.