| ¶ATTORNEY DISCIPLINARY PROCEEDINGS.
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respon
 
 *942
 
 dent, Deborah Harkins Baer, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public.
 
 In re: Baer,
 
 07-0861 (La.5/2/07), 955 So.2d 148.
 

 FORMAL CHARGES
 

 Count I
 

 On February 15, 2007, respondent, then an employee of the Attorney General’s Office, was involved in a minor car accident in the office parking lot. In connection with that incident, respondent was arrested by the State Police and charged with driving under the influence of alcohol.
 

 One week later, respondent self-reported her arrest to the ODC, indicating that she would be checking herself into a 30-day inpatient recovery program in Texas and that she would return to her employment with the Attorney General’s Office upon her release. Respondent was instructed to contact the ODC at that time and make arrangements to consult with Bill Leary, the Executive Director of the Lawyers Assistance Program (LAP).
 

 12After being discharged from the treatment facility in Texas, respondent did contact Mr. Leary, who recommended that she execute a LAP agreement to begin her recovery program. Respondent executed a LAP contract on June 21, 2007, by which time she had relocated to Texas. She is currently being monitored by the Lawyers Assistance Program in Texas.
 
 [1]
 

 Count II
 

 At approximately 11:45 a.m. on April 10, 2007, respondent was involved in an accident in the Belle of Baton Rouge Casino parking lot. According to the police report, respondent was administered a Breathalyzer test, which showed that her blood alcohol level was .323%, reported to be “more than four times the legal limit to be driving a vehicle.” Respondent was arrested and charged with DWI and driving with a suspended driver’s license.
 
 [2]
 

 DISCIPLINARY PROCEEDINGS
 

 In December 2007, the ODC filed two counts of formal charges against respondent, alleging that her conduct as set forth above violated Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct.
 

 Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, |3§ 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations of the formal charges have been proven by clear and convincing evidence. The committee noted that respondent’s history reveals a serious addiction to alcohol, and that she has been involved in at least two accidents with property damage while
 
 *943
 
 driving under the influence. Based on these facts, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee determined that respondent’s actions were knowing and that she violated duties owed to the profession. Respondent caused tangible harm in the form of property damage; however, the committee felt the more serious harm results when members of the legal profession engage in criminal acts, which give rise to a lack of confidence by members of the public in those who are officers of the court.
 

 In aggravation, the committee found a pattern of misconduct and substantial experience in the practice of law (admitted 1992). The mitigating factors found by the committee are the following: absence of a prior disciplinary record, absence of a dishonest or selfish motive, and mental disability or chemical dependency, including alcoholism or drug abuse.
 

 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day, retroactive to the date of her interim suspension.
 

 | ¿Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board found that the hearing committee’s factual findings are supported by the factual allegations asserted in the formal charges, which are deemed admitted, and/or by the documentary evidence submitted in support of the allegations. The board also determined that the committee correctly concluded respondent violated the Rules of Professional Conduct as charged.
 

 Based on these findings, the board determined that respondent knowingly violated duties owed to the public and to the profession. She caused not only physical damage to property, but her actions also gave rise to a lack of confidence in members of the profession by the public. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that the baseline sanction is suspension.
 

 The board found the following aggravating factors present: a pattern of misconduct and substantial experience in the practice of law. The board determined that the mitigating factors present are: absence of a prior disciplinary record, absence of a dishonest or selfish motive, and mental disability or chemical dependency, including alcoholism or drug abuse.
 

 The board acknowledged that both actual and deferred periods of suspension have been imposed in cases involving attorneys who drive under the influence of alcohol. However, in this case, respondent caused property damage in both instances in which she was cited with DWI. More telling, she committed the second violation within sixty days of the first, and after being released from a treatment program in | r,Texas. She was placed on interim suspension more than one year ago and has not expressed any interest in returning to the practice of law since that time. She has also failed to comply with her Texas LAP contract and has tested positive for alcohol use while under monitoring of that program.
 

 Under these circumstances, the board found that the one year and one day suspension (applied retroactively to the date of respondent’s interim suspension) recommended by the hearing committee is appropriate, and so recommended to this court. A suspension of more than one year will require respondent to go through a reinstatement hearing and demonstrate
 
 *944
 
 that she meets the requirements of Rule XIX, § 24(E) should she want to return to the practice of law in the future.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 The deemed admitted facts in this matter indicate that respondent was twice arrested and charged with driving under the influence of alcohol. These facts support a finding that respondent violated Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining |f;a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 We have imposed sanctions ranging from actual periods of suspension to fully deferred suspensions in prior cases involving attorneys who drive while under the influence of alcohol. However, as a general rule, we tend to impose an actual suspension in those instances in which multiple DWI offenses are at issue, as well as in cases in which the DWI stems from a substance abuse problem that appears to remain unresolved.
 
 [3]
 
 Both of these concerns are implicated in the instant case. Therefore, we find it is appropriate to impose a one year and one day suspension, with no portion of the suspension deferred. Should respondent wish to resume the practice of law in the future, she will be required to go through the reinstatement process set forth in Supreme Court Rule XIX, § 24 and demonstrate to our satisfaction that she is healthy enough to resume the representation of her clients in a competent fashion.
 

 | 7becree
 

 Upon review of the findings and recommendations of the hearing committee and
 
 *945
 
 disciplinary board, and considering the record, it is ordered that Deborah Harkins Baer, Louisiana Bar Roll number 21458, be and she hereby is suspended from the practice of law for one year and one day, retroactive to her May 2, 2007 interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 JOHNSON, J., dissents.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . Unfortunately, on December 19, 2007, Mr. Leaiy notified the ODC that respondent "has not complied with the contract and had one positive screen."
 

 [2]
 

 . Respondent’s driver’s license was under suspension from her prior DWI in February 2007.
 

 [3]
 

 .
 
 See, e.g., In re: Deshotels,
 
 98-1349 (La. 10/9/98), 719 So.2d 402 (attorney suspended for six months, with all but sixty days deferred, based on two DWI convictions and failing to properly terminate the representation of a client);
 
 In re: Lafont,
 
 04-2064 (La.4/1/05), 898 So.2d 339 (attorney suspended for ninety days based on his DWI conviction and failing to communicate with a client);
 
 In re: Tallón,
 
 08-0179 (La.2/22/08), 974 So.2d 1290 (attorney who was convicted of DWI was suspended by consent for one year and one day, fully deferred, subject to a five-year period of probation with conditions);
 
 In re: Alexander,
 
 08-0462 (La.6/27/08), 984 So.2d 702 (attorney who was convicted of DWI on three occasions and whose probation was revoked for his failure to attend a court-ordered substance abuse program was suspended from the practice of law for one year and one day);
 
 In re: Reynolds,
 
 09-0216 (La.3/4/09), 3 So.3d 457 (attorney who was convicted of third-offense DWI, and who failed to report his two previous convictions to the ODC, was suspended by consent for one year and one day).