ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 | ,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Danny L. Guidry, an attorney li
 
 *257
 
 censed to practice law in Louisiana, but currently ineligible to practice.
 
 [1]
 

 UNDERLYING FACTS
 

 Count I
 

 In June 2006, respondent was arrested in Lafayette, Louisiana and charged with first offense DWI, possession of marijuana, and possession of cocaine. On December 6, 2007, the court issued a bench warrant for respondent’s arrest after he failed to appear for a scheduled hearing. On February 19, 2009, respondent completed the District Attorney’s pre-trial diversion program, following which the criminal charges were dismissed.
 

 Count II
 

 In April 2007, respondent was arrested in Oakbrook, Illinois and charged with driving under the influence of alcohol, speeding, and improper lane usage. | ¡.Respondent posted bond and was released.
 
 [2]
 
 He failed to appear for a scheduled hearing on May 29, 2007, and a bench warrant was issued for his arrest. As of June 3, 2010, the warrant was still active.
 

 DISCIPLINARY PROCEEDINGS
 

 In November 2010, the ODC filed formal charges against respondent, alleging that by his conduct as set forth above, he has violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer).
 

 Respondent filed an answer to the formal charges, in which he claimed that he does not currently practice law and has been “clean” for three years. He also provided documentary evidence that (1) he successfully completed a 90-day treatment program at Home of Grace, a “residential Christian recovery program” located in Mississippi, on November 30, 2007, and (2) he completed the pre-trial diversion program in relation to his June 2006 arrest on February 19, 2009. This matter then proceeded to a formal hearing on the merits.
 

 Hearing Committee Report
 

 After considering the testimony and evidence presented at the hearing, the hearing committee found the facts set forth in both counts of the formal charges were proven by clear and convincing evidence, noting that respondent admitted the | ¡¡substance of the factual allegations contained in both counts. In addition, the committee made the following factual findings:
 

 Respondent completed a 90-day rehabilitation program at the Home of Grace and has not used alcohol or illegal substances since he entered the program more than three years ago. With respect to Count I, respondent completed the District Attorney’s pre-trial diversion program, and the charges have been dismissed. However, the charges in Illinois (subject of Count II)
 
 *258
 
 are still pending. The committee felt respondent was mistaken in his belief that the matter in Illinois had been resolved and that his driving privileges in Illinois had been reinstated. Clear and convincing evidence exists to show that a warrant was issued for respondent’s arrest after he failed to appear for a May 29, 2007 hearing in Illinois, and that warrant is still active. The committee also found respondent does not currently practice law and has no immediate plan to re-enter the practice of law, as he stated in his answer to the formal charges. Finally, the committee found no evidence that respondent’s conduct harmed any of his clients or any members of the public.
 

 Based on these facts, the committee determined respondent’s conduct in both counts of the formal charges amounts to violations of Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct. The committee also determined the baseline sanction for respondent’s misconduct is suspension.
 

 In aggravation, the committee found only multiple offenses. In mitigation, the committee found the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, timely good faith effort to make restitution or to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, mental disability or chemical dependency including alcoholism or drug abuse, and remorse.
 

 14After considering this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day. The committee further recommended respondent be required to comply with specified conditions before seeking reinstatement.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.
 
 [3]
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the hearing committee’s factual findings are not manifestly erroneous. The board also determined the committee correctly applied the Rules of Professional Conduct.
 

 The board further determined respondent knowingly, if not intentionally, violated a duty owed to the public. While respondent caused no actual harm to his clients or the public, he posed a significant risk of serious harm to the public by driving while intoxicated. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction for respondent’s misconduct is suspension.
 

 In aggravation, the board found a pattern of misconduct, multiple offenses, substantial experience in the practice of law (admitted 1996), and illegal conduct, including that involving the use of controlled substances. In mitigation, the board found the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
 

 In recommending a sanction, the board relied upon
 
 In re: Baer,
 
 09-1795 (La.11/20/09), 21 So.3d 941. In
 
 Baer,
 
 an attorney drove while intoxicated on two | .¡occasions, for which she was suspended from the practice of law for one year and one day. In discussing an appropriate
 
 *259
 
 sanction, the court applied the following analysis:
 

 We have imposed sanctions ranging from actual periods of suspension to fully deferred suspensions in prior cases involving attorneys who drive while under the influence of alcohol. However, as a general rule, we tend to impose an actual suspension in those instances in which multiple DWI offenses are at issue, as well as in cases in which the DWI stems from a substance abuse problem that appears to remain unresolved. Both of these concerns are implicated in the instant case. Therefore, we find it is appropriate to impose a one year and one day suspension, with no portion of the suspension deferred. [Internal footnote omitted.]
 

 The board concluded that both of the court’s concerns set forth in
 
 Baer
 
 are present in the instant matter: (1) respondent engaged in multiple instances of driving while intoxicated, and (2) it is unclear from the record whether respondent has resolved his substance abuse problem. With respect to the latter, the board pointed out that respondent has provided no evidence, other than his testimony, to show he has recently taken steps to address his substance abuse problem and will continue to remain sober.
 
 [4]
 
 Therefore, the board reasoned that respondent should be required to complete the reinstatement process and prove his fitness by clear and convincing evidence before returning to the practice of law.
 

 Accordingly, the board recommended respondent be suspended from the practice of law for one year and one day.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 | ^DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 In this matter, respondent was twice arrested for driving under the influence of drugs and/or alcohol. He was also arrested for possession of illegal drugs. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana
 
 
 *260
 

 State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly violated duties owed to the public and the legal profession. While he caused no actual harm, the potential for significant harm to the public existed. The baseline sanction for respondent’s misconduct is 17suspension. The record supports the aggravating and mitigating factors found by the disciplinary board.
 

 Although the hearing committee found respondent has not used alcohol or illegal drugs since he entered the 90-day treatment program at Home of Grace, we agree with the board that respondent has provided no evidence, other than his own testimony, that this is, in fact, true. He is not active in Alcoholics Anonymous or a similar support group and does not participate in the Lawyers Assistance Program. Furthermore, he is not currently being tested for alcohol and drug use.
 

 Suspending respondent from the practice of law for more than one year will require him to show his compliance with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E) before being reinstated to the practice of law. Particularly relevant to respondent’s situation is Rule XIX, § 24(E)(3), which states:
 

 If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension or disbarment, including alcohol or other drug abuse, the disability or infirmity has been removed. Where alcohol or other drug abuse was a causative factor in the lawyer’s misconduct, the lawyer shall not be reinstated or readmitted unless:
 

 (a) the lawyer has pursued appropriate rehabilitative treatment;
 

 (b) the lawyer has abstained from the use of alcohol or other drugs for at least one year; and
 

 (c) the lawyer is likely to continue to abstain from alcohol or other drugs.
 

 We find respondent should be required to show compliance with Rule XIX, § 24(E), and in particular subsection (3), before being allowed to return to the practice of law.
 
 [5]
 
 Accordingly, we will adopt the disciplinary board’s | ^recommendation and suspend respondent from the practice of law for one year and one day.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Danny L. Guidry, Louisiana Bar Roll number 24112, be and he hereby is suspended from the practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion; Justice John L. Weimer recused.
 

 [1]
 

 . Respondent has been ineligible to practice law since 2007 for failing to pay bar dues, failing to pay the disciplinary assessment, and failing to comply with mandatory continuing legal education requirements.
 

 [2]
 

 . At the formal hearing, respondent testified that he received a letter stating he had been convicted of DWI, his driving privileges had been suspended, and he could apply for reinstatement of his driving privileges when his suspension ended. Respondent also claimed he applied for and was granted a reinstatement of his driving privileges in Illinois. Respondent failed to submit documentary evidence of either of these assertions for the court's review. However, the record does contain documents indicating that the charges against respondent are “inactive” and that “confirmation of summary suspension” occurred on May 3, 2007.
 

 [3]
 

 . In fact, both respondent and the ODC filed concurrences, indicating their acceptance of the committee’s findings and recommended sanction.
 

 [4]
 

 . In his testimony before the committee, respondent indicated he maintains his sobriety through his religious faith. He also indicated he is not currently subjected to random drug and alcohol testing.
 

 [5]
 

 . We strongly encourage respondent to avail himself of the resources of the Lawyers Assistance Program. This court will carefully review respondent’s continuing efforts at rehabilitation if and when he applies for reinstatement after serving his suspension.