PER CURIAM.
I,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Mark Lane James, II, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
UNDERLYING FACTS
The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
In February 2009, respondent operated a vehicle while intoxicated in St. Tammany Parish. On May 11, 2010, he pled nolo contendere to driving while intoxicated (“DWI”) and was placed on two years of probation.
In October 2009, respondent operated a vehicle while intoxicated in Washington Parish. On October 14, 2010, he pled guilty to DWT and was placed on one year of supervised probation.
DISCIPLINARY PROCEEDINGS
In June 2011, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated Rule 8.4(b) (commission of a criminal act 12that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct.
Respondent filed an answer to the formal charges, admitting his misconduct and requesting a hearing in mitigation. Later, he stipulated that he violated Rule 8.4(b) as alleged in the formal charges.

Hearing Committee Report

After considering the testimony and evidence presented at the mitigation hearing, the hearing committee found that the formal charges have been proven by clear and convincing evidence. Based on the joint stipulation of facts and the evidence in the record, the committee determined that respondent violated Rule 8.4(b) of the Rules of Professional Conduct.
The committee then determined that respondent violated duties owed to the public and caused harm to the legal profession. The committee further concluded that although respondent’s conduct caused no actual harm to his clients or the public, he *749 posed a significant risk of serious harm to the public by driving while intoxicated. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction for respondent’s misconduct is suspension.
In mitigation, the committee found the following factors: the absence of a prior disciplinary record, personal or emotional problems,[2] full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings (respondent self-reported his convictions to the ODC and admitted to the factual allegations and rule violations alleged in the formal charges), and character or reputation. In further mitigation, the committee noted that respondent has met his ^obligations with respect to the sentences imposed in his criminal cases and that respondent’s misconduct had nothing to do with his clients or his law practice.
In aggravation, the committee noted only that respondent has refused to participate in the Lawyers Assistance Program (“LAP”). The committee explained that, during the October 2011 hearing, respondent strenuously denied having a problem with alcohol, much less being alcohol dependent. Despite his diagnosis of alcoholism, respondent strongly believes he can control whether or to what extent he chooses to consume alcohol. He testified repeatedly that he had not consumed alcohol since the date of his second arrest. Yet, he also admitted that, for a time, he abused alcohol and was a “binge” drinker.
At the same hearing, J.E. “Buddy” Stockwell, III, the Executive Director of LAP, testified that although respondent was complying with his LAP contract, he did not believe in the required twelve-step program of Alcoholics Anonymous (“AA”) because he does not believe in a “higher power” that controls or might impact his recovery. Furthermore, not only does respondent view AA as a religious program, he also does not believe he needs to “recover” from anything. Mr. Stockwell indicated that respondent would be required to participate in AA if he wanted to participate in LAP. In Mr. Stockwell’s opinion, respondent was only participating in LAP to meet the ODC’s requirements in order to keep his law license, not because of a need for recovery.
Notwithstanding respondent’s misgivings about AA, he testified that he intended to comply with his LAP contract. However, this changed in February 2012 when the ODC received notice from Mr. Stockwell that respondent was no longer compliant with his LAP contract because he had repudiated the AA requirement and had refused to undergo inpatient substance abuse treatment. Thereafter, the committee held another hearing, wherein respondent confirmed the above during his testimony.
|/Turning to the issue of an appropriate sanction, in light of respondent’s refusal to participate in LAP, the committee referenced two similar cases, In re: Baer, 09-1795 (La.11/20/09), 21 So.3d 941, and In re: Guidry, 11-1208 (La.9/23/11), 71 So.3d 256. Both cases involved attorneys who were arrested and/or convicted of DWI on two separate occasions. In both cases, the attorneys were not participating in LAP or otherwise able to prove their substance abuse problems were resolved, and, thus, the court suspended each of them for one year and one day, with no time deferred.
*750 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for one year and one day. The committee further recommended that, upon applying for reinstatement, respondent be held to strict compliance with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E).
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation. In fact, during oral argument before a panel of the disciplinary board, respondent stipulated to the committee’s findings and recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee was correct in accepting the stipulated facts and that the committee’s additional factual findings do not appear to be manifestly erroneous. The board also determined the committee correctly concluded that respondent violated Rule 8.4(d) of the Rules of Professional Conduct as charged.
Based on these findings, the board concluded that respondent violated duties owed to the public and the legal profession. While his illegal conduct did not cause actual injury to anyone, the potential for injury was very great. Based on the | sABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
In aggravation, the board found a pattern of misconduct, multiple offenses, substantial experience in the practice of law (admitted 2003), and illegal conduct. In mitigation, the board found the absence of a prior disciplinary record, personal or emotional problems, full and free disclosure to the disciplinary board, character or reputation, and imposition of other penalties or sanctions.
Turning to the issue of an appropriate sanction, the board emphasized respondent’s testimony at the second hearing, wherein he repudiated AA and indicated he had no intention of submitting to inpatient treatment. Given respondent’s attitude toward LAP, the board agreed that the case law cited by the committee was applicable and that an actual period of suspension is necessary.
Under these circumstances, the board recommended that respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
|fiIn this matter, respondent was twice convicted of DWI. As such, he has violated Rule 8.4(b) of the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a *751 sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to the public and the legal profession. While he caused no actual harm, the potential for significant harm to the public existed. We agree with the hearing committee and the disciplinary board that the baseline sanction for respondent’s misconduct is suspension. The record also supports the aggravating and mitigating factors found by the board.
Since respondent is no longer participating in LAP, we find he should be required to show his compliance with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E) before being reinstated to the practice of law. Particularly relevant to respondent’s situation is Rule XIX, § 24(E)(3), which states:
If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension or disbarment, including alcohol or other drug abuse, the disability or infirmity has been removed. Where alcohol or other drug abuse was a causative factor in the lawyer’s misconduct, the lawyer shall not be reinstated or readmitted unless:
|7(a) the lawyer has pursued appropriate rehabilitative treatment;
(b) the lawyer has abstained from the use of alcohol or other drugs for at least one year; and
(c) the lawyer is likely to continue to abstain from alcohol or other drugs.
A suspension for one year and one day, with no time deferred, would accomplish this. Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Mark Lane James, II, Louisiana Bar Roll number 28622, be and he hereby is suspended from the practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law since September 19, 2012 for failing to pay bar dues and the disciplinary assessment and failing to file the trust account disclosure statement.

. Respondent testified that, at the time of the offenses, he was involved in a contested custody fight. Additionally, respondent testified that his law partners cut him out of the practice, leaving him with no clients and no active private law practice to supplement his income from his work at the Public Defender's Office.