*23 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Debra L. Cassibry, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Cassibry, 12-0931 (La.5/2/12), 88 So.3d 442.
FORMAL CHARGES
In January 2011, respondent’s former tenant, Michael Durham, filed a complaint against her with the ODC, alleging that she is addicted to prescription drugs and was arrested for DWI in 2009. Upon investigating the complaint, the ODC learned that respondent was in fact arrested for DWI on July 2, 2009, following a high-speed chase that began in Mississippi and ended in Louisiana. According to the arrest report, as police units from Pearl River, Mississippi and Louisiana pursued respondent with lights and sirens on, she traveled in and out of traffic on 1-59 at speeds of up to 80 m.p.h. and ran other vehicles off the road. She finally stopped at the 1-59 rest area in Louisiana and was ordered to get on the ground. She refused and was then handcuffed; however, noting that her speech was slurred and she could not keep her balance, the police removed the handcuffs and administered field sobriety tests. Based on the results of the tests, respondent 12was arrested by the Louisiana State Police and transported to the Slidell Police Department, where she was booked with careless operation and DWI.[1]
On March 23, 2011, respondent pleaded guilty to DWI in the Slidell City Court and was sentenced to serve six months in jail. The court suspended the sentence pursuant to the provisions of La.Code Crim. P. art. 894 and placed respondent on supervised probation for one year with conditions, including the requirement that she perform 32 hours of community service, pay a fine, and abstain from alcohol.
Respondent has since violated the conditions of her probation by failing to refrain from criminal activity, failing to report truthfully, failing to perform community service, failing to complete a driver’s improvement class, failing to complete a substance abuse class, failing to complete supervision payments, and failing to pay her fine. On September 1, 2011, the court issued a warrant for respondent’s arrest. *24 The warrant remains outstanding at this time.
On December 9, 2011, the ODC wrote to respondent and instructed her to contact the Lawyers Assistance Program (“LAP”) within ten days to arrange for an independent substance abuse evaluation. Respondent did not reply to the ODC, and so the ODC sent a second letter on December 28, 2011. The ODC heard nothing further until March 15, 2012, when LAP Director Buddy Stockwell provided the following update:
I contacted Dr. Barry Pilson, the LAP-approved evaluator in this case, and Dr. Pilson indicated that Ms. Cassibry has in fact come in and participated in the LAP recommended evaluation.
I have not received any type of report, however, because at this particular time Ms. Cassibry has not elected to execute a release with Dr. Pilson for either LAP or the Office of Disciplinary Counsel. As such, until such time that Ms. Cassibry agrees to reveal the results of the Revaluation, I can make no further recommendations in this case. [Emphasis added.]
Based upon this information, the ODC sent respondent a letter by certified mail dated March 21, 2012, instructing her to contact Dr. Pilson and/or Mr. Stockwell immediately and to take whatever steps were necessary to authorize Dr. Pilson to share his evaluation report with the ODC and LAP. Respondent was also advised that if she failed to comply, the ODC would file a petition for interim suspension. The letter was subsequently returned to the ODC undelivered and marked “unclaimed; return to sender.”
Following the court’s May 2, 2012 order of interim suspension, respondent contacted the ODC for clarification. She was again orally instructed to authorize Dr. Pilson to share his evaluation report with the ODC and LAP. To date, respondent has failed to produce a copy of her substance abuse evaluation, has not entered into a recovery agreement with LAP, and is not being monitored by LAP.
DISCIPLINARY PROCEEDINGS
In June 2012, the ODC filed two counts of formal charges against respondent, alleging that her conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer).
Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary ¿¿evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee accepted the deemed admitted facts as true and correct. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee further determined respondent knowingly violated a duty owed to the public by operating a motor vehicle while under the influence, which created the potential for serious harm. Respondent knowingly, if not intentionally, vio *25 lated a duty to the legal profession by delaying the ODC’s investigation and withholding documentation and information pertinent to this matter. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction is suspension.
The committee found the following aggravating factors are present: refusal to acknowledge the wrongful nature of the conduct and substantial experience in the practice of law (admitted 1985). The committee found the following mitigating factors present: absence of a prior disciplinary record and imposition of other penalties or sanctions.
Based on this court’s prior jurisprudence involving similar misconduct, the ABA Standards, and the facts of this case, the committee recommended that respondent be suspended from the practice of law for one year and one day. The committee also recommended that prior to seeking reinstatement, respondent should be required to authorize the release of her substance abuse evaluation to LAP and the ODC and that she be required to satisfy all obligations owed to the |scourt.[2] Finally, the committee recommended that respondent be assessed with all costs and expenses of these proceedings.
Respondent did not file an objection to the hearing committee’s report and recommendation. However, she did file a “Motion for Extension of Time to Answer with Extenuating and Exigent Circumstances or Dismiss this Action” with the disciplinary board, which was denied.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board determined that the hearing committee’s factual findings are supported by the factual allegations in the formal charges, which were deemed admitted, and/or by the evidence submitted in support of the allegations. The board determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined respondent knowingly, if not intentionally, violated duties owed to the public and the legal profession. Her act of driving while under the influence caused significant potential harm to the public. Additionally, her failure to cooperate with the ODC in its investigation caused that agency to expend additional resources. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
The board found the following aggravating factors are present: substantial experience in the practice of law, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and illegal conduct, including that involving the use of controlled substances.[3] The board found the following mitigating factors present: | (¡absence of a prior disciplinary record and imposition of other penalties or sanctions (respondent’s criminal conviction and sentence).
In recommending a sanction, the board relied upon In re: Baer, 09-1795 *26 (La.11/20/09), 21 So.3d 941. In Baer, an attorney drove while intoxicated on two occasions, for which she was suspended from the practice of law for one year and one day. In discussing an appropriate sanction, the court applied the following analysis:
We have imposed sanctions ranging from actual periods of suspension to fully deferred suspensions in prior cases involving attorneys who drive while under the influence of alcohol. However, as a general rule, we tend to impose an actual suspension in those instances in which multiple DWI offenses are at issue, as well as in cases in which the DWI stems from a substance abuse problem that appears to remain unresolved. Both of these concerns are implicated in the instant case. Therefore, we find it is appropriate to impose a one year and one day suspension, with no portion of the suspension deferred. [Internal footnote omitted.]
The board noted that respondent has not committed multiple DWI offenses, nor is there evidence that she suffers from an unresolved substance abuse issue. Nonetheless, the board determined that the nature of respondent’s crime, when combined with her failure to cooperate with the ODC and LAP, raises serious questions as to her fitness to practice of law. The board concluded that like the attorney in Baer, respondent should be required to complete the reinstatement process and prove her fitness by clear and convincing evidence before returning to the practice of law.
Accordingly, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be assessed with the costs and expenses of this proceeding.
| 7Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.[4]
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions *27 that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent pleaded guilty to DWI and failed to cooperate with the ODC in its investigation. 18Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
The record supports a finding that respondent knowingly, if not intentionally, violated duties owed to the public and the legal profession. Her conduct caused potential serious harm to the public and actual harm to the legal profession. The baseline sanction for respondent’s misconduct is suspension. The record supports the aggravating and mitigating factors found by the disciplinary board.
In Baer, the court indicated that actual suspensions are imposed in cases in which the DWI stems from an unresolved substance abuse problem. In the instant matter, respondent submitted to a substance evaluation following her DWI conviction. However, she has not released the results of that evaluation to LAP or the ODC, despite repeated requests. As such, we are not convinced that she has an unresolved substance abuse problem. Nevertheless, by failing to release the evaluation report, respondent has prevented the discovery of evidence that could reveal the existence of such a problem.
Under the circumstances, and particularly in light of the additional misconduct, we agree with the hearing committee and the disciplinary board that it is appropriate to impose a one year and one day suspension upon respondent, with no portion of the suspension deferred. Should respondent wish to resume the practice of law in the future, she will be required to make a formal application for ^reinstatement under Supreme Court Rule XIX, § 24 and demonstrate to our satisfaction that she meets all of the reinstatement criteria set forth therein.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Debra L. Cassi-bry, Louisiana Bar Roll number 17029, be and she hereby is suspended from the practice of law for one year and one day, retroactive to May 2, 2012, the date of her interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. A Breathalyzer test administered to respondent revealed that she had no alcohol in her system. Suspecting that she was under the influence of a controlled substance, the police officers asked respondent to submit a urine sample for analysis. Respondent refused to do so.

. Respondent allegedly violated the conditions of her probation and a warrant for her arrest has been outstanding since September 2011.

. The board declined to adopt the aggravating factor of refusal to acknowledge the wrongful nature of the conduct. According to the board, respondent’s failure to participate in this proceeding does not necessarily indicate that she has refused to accept her actions, particularly since she pleaded guilty to the criminal charges, which would indicate acceptance of her actions.

. On October 23, 2013, well after the expiration of the deadline to object to the board’s recommendation, respondent sent a letter to this court addressing the underlying facts of this matter and challenging the validity of her conviction. Because this filing is untimely, we will not consider it. Moreover, even if we were inclined to consider the letter, we would give it no weight, as respondent is precluded from challenging the fact of her criminal conviction by the clear language of Supreme Court Rule XIX, § 19(E). See In re: Minor, 12-1006 (La. 10/16/12), 100 So.3d 319 (when disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether the respondent’s crimes warrant discipline, and if so, the extent thereof).