PER CURIAM
| ¶ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Mark Anthony Johnson, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
FORMAL CHARGES

Count I—The Unauthorized Practice of Law Matter

In July 2013, respondent secured employment as a staff attorney with the Louisiana Department of Transportation and Development (“DOTD”). On May 31, 2014, respondent was declared ineligible to practice law for failure to comply with mandatory continuing legal education (“MCLE”) requirements. On September 9, 2014, he was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment and for failure to file his trust account registration statement. Respondent nevertheless continued to work as an attorney for the DOTD and engaged in the practice of law during his period of ineligibility. Thereafter, the legal division of the DOTD filed a complaint against respondent with the ODC.

Count II—The DWI Matter

|2Puring its investigation of the aforementioned matter, the ODC learned that respondent had been arrested in Orleans Parish on August 22, 2012 for driving while intoxicated. During his sworn statement, respondent acknowledged that he had been consuming alcohol while operating a motor vehicle on the date in question and that a Breathalyzer test revealed his blood alcohol content to be .08g%, indicating intoxication.

*325
Count III—The Failure to Cooperate Matter

The ODO forwarded notice of the DOTD complaint to respondent’s bar registration address. Respondent contends that the address listed in the records of the Louisiana State Bar Association is not accurate and never was; however, he failed to explain why on multiple annual registration statements he did not take the opportunity to correct the erroneous address. Moreover, the ODC also forwarded notice of the complaint to respondent at his preferred mailing address. This notice was signed for by respondent’s daughter, but respondent failed to respond to the complaint, necessitating the issuance of a subpoena to obtain his sworn statement. During his sworn statement, respondent was instructed to correct his ineligibility and provide the ODC with a status update by January 8, 2015. Respondent failed to do so and has not corrected his bar registration address.
DISCIPLINARY PROCEEDINGS
In February 2016, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with MCLE requirements), 1.1(c) (a lawyer is required to comply with all requirements of the Supreme Court’s rules regarding annual registration, including payment of bar dues and the disciplinary assessment, timely notification of changes of address, and proper | ¡¡disclosure of trust account information), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer).
Respondent was personally served with the formal charges but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations of the formal charges were deemed admitted and, thus, proven by clear and convincing evidence. Based on those facts, the committee determined that respondent violated Rules 1.1(b), 1.1(c), 5.5(a), 8.1(c), and 8.4(b) of the Rules of Professional Conduct. The committee did not address Rule 8.4(a) in its report.
The committee further determined that respondent’s repeated failure to cooperate with the ODC’s investigation or to take appropriate steps to address his ineligibility caused needless delay and expenditure of resources. The committee added that respondent has shown a total lack of regard for his law license and a lack of willingness to comply with the Rules of Professional Conduct.
|4In aggravation, the committee found a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1994). In mitigation, the committee found the absence of a prior disciplinary record.
After further considering this court’s prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day. The *326 committee also recommended that respondent be assessed with all costs associated with this proceeding.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. Based on these findings, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board then determined respondent knowingly, if not intentionally, violated duties owed to the public and the legal profession. While the record does not contain evidence of actual harm, the potential for harm was significant. Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension. The board adopted the aggravating and mitigating factors found by the committee.
After further considering this court’s prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended that respondent be assessed with the costs and expenses of this proceeding.
| ¿Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
JjjDISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). .Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal, conclusions that flow from the factual allegations.. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent practiced law while ineligible to do so, was arrested for operating a vehicle while intoxicated, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of 17each case and *327 the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
Respondent knowingly, if not intentionally, violated duties owed to the public and the legal profession. The potential for serious harm was present. We agree with the disciplinary board that the baseline sanction for this type of misconduct is suspension. The aggravating and mitigating factors found by the hearing committee and the disciplinary board are supported by the record.
In In re: Baer, 09-1795 (La. 11/20/09), 21 So.3d 941, the court stated the following with respect to appropriate sanctions for DWI offenses:
We have imposed sanctions ranging from actual periods of suspension to fully deferred suspensions in prior cases involving attorneys who drive while under the influence of alcohol. However, as a general rule, we tend to impose an actual suspension in those instances in which multiple DWI offenses are at issue, as well as in cases in which the DWI stems from a substance abuse problem that appears to remain unresolved.
Baer suggests that if respondent’s DWI offense had occurred in isolation, a fully deferred suspension would be an appropriate sanction. However, in addition to this misconduct, respondent continued to practice law at the DOTD after becoming ineligible to do so, creating a risk of significant harm to both his employer and to the legal matters on which he worked. In prior cases involving similar misconduct, we have imposed sanctions ranging from suspension to disbarment, with the baseline sanction generally being a suspension of one year and one day. See In re: Hardy, 03-0448 (La. 5/2/03), 848 So.2d 511. Given that respondent also failed to cooperate with the ODC’s investigation, we find that a downward deviation from the baseline sanction is not warranted.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day.
■JjjDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Mark Anthony Johnson, Louisiana Bar Roll number 23406, be and he hereby is suspended from the practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.