*312 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
| ¾ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Johnny S. Anzalone, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Anzalone, 14-0812 (La. 5/16/14), 139 So.3d 991.
UNDERLYING FACTS
15-DB-004
In January 2013, respondent was arraigned in Tangipahoa Parish on charges of first offense DWI and exceeding the speed limit. During the course of the criminal proceedings, respondent underwent a drug screening which indicated positive results for cocaine and methadone. On March 17, 2014, following a bench trial, respondent was found guilty of the DWI charge. In December 2014, a bench warrant was issued based upon respondent’s failure to appear in court for monitoring.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects | ^adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
15-DB-053
On March 14, 2014, respondent was arrested in Rapides Parish for second offense DWI, improper lane usage, and driving under suspension. At the time of his arrest, respondent admitted to the arresting officer that he was under the influence of “meth.” Respondent pleaded nolo con-tendere to a charge of first offense DWI, and the State agreed to nolle prosequi the remaining charges.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) and 8.4(b).
DISCIPLINARY PROCEEDINGS
In February 2015, the ODC filed formal charges against respondent in 15-DB-004. Respondent answered the formal charges and acknowledged that he was found guilty of first offense DWI. He further acknowledged that his drug screen was positive for methadone and for cocaine, but he noted that the methadone was prescribed for him by a licensed medical doctor. Respondent denied that he used or voluntarily ingested any cocaine.
In October 2015, the ODC filed formal charges against respondent in 15-DB-053. Respondent answered the formal charges, denying any misconduct. The two sets of formal charges were consolidated before proceeding to a formal hearing on the merits.

Formal Hearing

The hearing committee conducted the formal hearing on January 6, 2016. The ODC introduced documentary evidence but called no witnesses to testify | ¡(before the committee. Respondent did not introduce documentary evidence.[1] However, he did testify on his own behalf and on cross-examination by the ODC.
*313 In his testimony before the committee, respondent indicated that he was conditionally admitted to the practice of law, subject to a two-year period of probation during which he was required to enter into a recovery agreement with the Judges and Lawyers Assistance Program (“JLAP”). He later entered into a five-year recovery agreement with JLAP and successfully completed the program. Respondent admitted that he takes methadone every day to control his pain and is under the care of a doctor, but indicated that attempts are being made to get him into other pain management plans with other doctors. Respondent testified that he has been classified as totally disabled and is covered under Medicaid, which paid for his recent surgery, described as a five-level laminec-tomy.

Hearing Committee Report

After considering the evidence and testimony presented at the hearing, the hearing committee summarized respondent’s testimony as follows:
Respondent offered that he was involved in a serious automobile accident in 1986 that resulted in permanent back and neck pain. He experienced difficulties obtaining prescription medications, and in lieu thereof, receives methadone treatment from Choices of Louisiana, Inc. According to respondent, he was “dosed” with cocaine, which resulted in the positive test for that substance. Respondent indicated, and the evidence demonstrates, that he was subject to drug abuse counseling as a result of his nolo contendere plea in Rapides Parish. Respondent noted that his drug abuse counselor found that he was not in need of drug abuse treatment.
| ¿Based on this testimony and the other evidence in the record, the hearing committee made factual findings consistent with the underlying facts set forth above. Based these findings, the committee determined respondent violated Rules 8.4(a) and 8.4(b). The committee did not find a violation of Rule 8.4(d).
The committee found that respondent violated duties owed to the public and the legal profession. The violation of these duties was at least negligent and could have led to grave injury to other motorists or pedestrians. However, there was no actual harm in either of respondent’s incidents.
In aggravation, the committee found a selfish motive and substantial experience in the practice of law (admitted 1994). While there was no dishonest motive, the act of driving a motor vehicle under the influence of a narcotic represents an inherently selfish motive in that it placed respondent’s convenience above the safety of others. In mitigation, the committee found the absence of a prior disciplinary record and “no indication that respondent failed to cooperate in the disciplinary process.” In the committee’s opinion, respondent suffers from a physical condition that has led to a chemical dependency, if not outright addiction.
After further considering this court’s prior jurisprudence addressing similar misconduct, the committee recommended that respondent be suspended from the practice of law for one year and one day.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s findings of fact are supported by the testimony and documentary evidence and do not appear to be manifestly erroneous. The board also determined that the committee correctly applied the Rules of Professional Conduct. Accordingly, the board adopted the committee’s findings of fact and law.
|RThe board determined respondent violated duties owed to the public and the legal profession by failing to maintain the *314 high standards of personal integrity upon which the public relies. Although his offenses did not result in actual injury to anyone, the potential for injury was great. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction is suspension.
In aggravation, the board found substantial experience in the practice of law and selfish motive. In mitigation, the board found.the absence of a prior disciplinary record. The board declined to adopt the mitigating factor of physical or mental disability or dependency, noting that the record does not contain the necessary evidence to support such a finding.[2] Indeed, respondent failed to offer any admissible evidence or testimony to support a claim of chemical dependency. Rather, he hás argued that he is not in need of treatment.
■After further-considering this court’s prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day, retroactive to the date of his interim suspension. The board further recommended respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
J^DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. .V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error' standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La. 11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La. 3/11/94), 633 So.2d 150.
The record of this matter supports a finding that respondent was twice convicted of DWI and tested positive for cocaine. This misconduct amounts to a violation of Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
*315 Respondent violated duties owed to the public and the legal profession, causing the potential for serious harm. Fortunately, no actual harm resulted. Respondent’s misconduct was at least grossly negligent, if not knowing. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the disciplinary board.
17Turning to the issue of an appropriate sanction, we find guidance from the cases of In re: Baer, 09-1795 (La. 11/20/09), 21 So.3d 941, In re: Guidry, 11-1208 (La. 9/23/11), 71 So.3d 256, and In re: James, 12-2701 (La. 3/1/13), 108 So.3d 747. Each of these cases involved attorneys who were arrested for and/or convicted of DWI on two separate occasions. The attorneys were not participating in JLAP or otherwise able to prove their substance abuse problems were resolved, and, thus, the court suspended each of them for one year and one day, with no time deferred. Given such a sanction, the attorneys had to show compliance with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E) before being reinstated to the practice of law.
Like the attorneys in these aforementioned cases, respondent’s abuse of alcohol and/or other substances 'was a causative factor in his misconduct. In light of his history of substance dependence, we agree that it is reasonable to require respondent to apply for reinstatement and show his compliance with the reinstatement criteria set forth in Supreme Court Rule XIX-, § 24(E) before being reinstated to the practice of law. Particularly relevant to his situation is Rule XIX, §' 24(E)(3), whieh states:
If the. lawyer was suffering under a physical or mental disability or infirmity -.at the time of suspension or disbarment, including alcohol or other drug abuse, the disability or infirmity has been removed. Where alcohol or other drug abuse was a causative factor in the lawyer’s misconduct, the lawyer shall not be reinstated or readmitted unless:
(a) the lawyer has pursued appropriate rehabilitative treatment;
(b) the lawyer has abstained from the use of alcohol or other drugs for at least one year; and
(c).the lawyer is likely to continue to abstain from alcohol or other drugs.
A suspension for one year and one day, with no time deferred, would accomplish .this.' Accordingly, we will ad'opt the board’s recommendation and suspend |srespondent from the practice of law for one yéar and one day, retroactive to May 16, 2014, the date of his interim suspension. '
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Johnny S. Anza-lone, Louisiana Bar Roll number.22723, be and he hereby is suspended from the practice of law for one year and one day, retroactive tp May 16, 2014, the date of his interim suspension. All costs and expenses in the matter are assessed, against respondent in accordance with Supreme Court Rule XIX, § 10.1, with , legal interest to commence thirty days from the date of finality of this court’s judgment, until paid.
• JOHNSON, C.J., concurs.

. Approximately one month after the hearing, respondent submitted a document purporting to be a certification relative to his completion of a DWI education session. The ODC objected to the admission of the document as hearsay. The committee chair sustained the objection but allowed the submission of the document as a proffer.

. In order to prove the mitigating factor of chemical dependency, ABA Standard'9.32(i) provides the lawyer must prove the following four factors by clear and convincing evidence: (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability; '(2) the chemical dependency or mental disability caused the misconduct; (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely. See In re: Stoller, 04-2758 (La. 5/24/05), 902 So.2d 981.